## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JUSTIN PEDRO ESCALANTE,

     Plaintiff,

vs.

FITNESS INTERNATIONAL, LLC d/b/a
LA FITNESS, a Foreign Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

Plaintiff JUSTIN PEDRO ESCALANTE, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant, FITNESS INTERNATIONAL, LLC d/b/a L.A FITNESS, a Foreign Limited Liability Company (hereinafter, "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.  This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2.  Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant are subject to personal jurisdiction there.

1

4.   Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## **PARTIES**

5.   During all times relevant to this Complaint, Plaintiff has been employed by Defendant since September 1, 2022, until Present as a club staff performing physical labor. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6.   Defendant is a Foreign Limited Liability Company organized and registered to do business within Florida. Defendant had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. Specifically, Plaintiff works at the Causeway Square location in North Miami, Florida.

7.   Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8.   Specifically, Defendant is a fitness center that have including but not limited to machines and equipment that have traveled across state lines.

9.   At all times material to this Complaint, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce such as but not limited to weighted strength training, power lifting equipment, and free weights.

10.  Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. All Defendant is an "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

12. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

13. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

14. Plaintiff began working for Defendant on or about September 1, 2022, as a Club Staff. His primary duties are re-racking weights and other manual labor.

15. During the course of his employment, Plaintiff regularly works between 45-60 hours per workweek. Plaintiff earns $10/hour. However, Plaintiff was not compensated for any hours worked passed eight hours per work week. Additionally, Plaintiff was not compensated at the rate of time and half for some the hours worked over forty (40) in a workweek.

16. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff was issued a company check claiming to compensate him for some hours worked in a particular pay period.

17. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performs services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

18. During his employment, Plaintiff works between 45-60 hours per work week. However, Plaintiff was not properly compensated for most of the hours worked.

19. Plaintiff is paid for only the hours set on the schedule even though on a regular basis he stays longer.

3

20.  Plaintiff submits pictures to his manager Joseph Manuel Cruz ("Cruz") every night. Cruz states Plaintiff when he is allowed to leave.

21.  There are cameras in Defendant's location, Cruz observes Plaintiff to make sure all the stations have been cleaned.

22.  Cruz is aware of all the hours that Plaintiff works.

23.  As a result, Plaintiff has not been paid the minimum applicable hourly wage rate as set forth under state and federal law for some of the hours worked during his employment.

24.  Defendant and representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25.  Defendant maintained complete control over the hours Plaintiff works and the pay he receives.

26.  Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27.  Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## <u>COUNT I</u>
## VIOLATION OF FLSA/OVERTIME
### against FITNESS INTERNATIONAL LLC

28.  Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

29.  This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., 29 U.S.C. § 207, and § 448.01 Fla. Stat. et seq. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment

in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Since the commencement of Plaintiff's employment Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times his regular rate.

31. Specifically, throughout his employment Plaintiff regularly works between 45-60 hours during each workweek but he was only paid for some of his overtime hours.

32. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

33. Specifically, Defendant is a fitness center that have including but not limited to machines and equipment that have traveled across state lines.

34. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed duties such as re-racking weights and did not have decision-making authority.

35. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for some hours worked in excess of forty (40) per week between the relevant time period.

36. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

38. As a result of 's willful violations of the Act, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from.

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/UNPAID WAGES
### against FITNESS INTERNATIONAL LLC

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

41. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207.

42. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

43. Defendant violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

44. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

45. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

46. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

47. Plaintiff seeks to recover for unpaid wages accumulated during his employment.

48. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights.

49. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

7

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JUSTIN PEDRO ESCALANTE demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: November 8, 2022

By: */s/Lisbetty Rozon*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Lisbetty Rozon, Esq.
Fla. Bar No. 1039132
Email: lisbetty@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200